**FILED**
FEB 1 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STUART L. REIGLE,               :
                                :
        Petitioner,             :
                                :
v.                              :   Civil Action No. 09 0263
                                :
LOUIS W. WINN, JR., WARDEN,     :
                                :
        Respondent.             :

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.

In January 1991 in the Superior Court of the District of Columbia, a jury found Petitioner guilty of one count of rape and one count of kidnapping. Pet. at 2. The judge imposed a sentence of fifteen years to life imprisonment on each count to be served consecutively. *Id.* The District of Columbia affirmed his conviction on appeal, and Petitioner unsuccessfully challenged his conviction and sentence by other means. *See id.* at 2-3.

In this action, Petitioner challenges the subject matter jurisdiction of the Superior Court on the grounds that (1) the underlying offense occurred outside the boundaries of the District of Columbia; (2) the trial judge relied on inapposite caselaw and incorrectly construed federal law in his April 19, 2006 Order denying Petitioner's post-conviction motions. *See generally* Pet. Challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

[An] application for a writ of habeas corpus in behalf of a prisoner

1

> who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Accordingly, the Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: Jan. 28, 2009